UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - x
:
WARNER BROS., INC., WB MUSIC CORP.,   : Civil Action
AND MARY R. GUETTEL, LINDA R. EMORY,  : No.
LAWRENCE B. BUTTENWIESER AND MILTON   :
J. KAIN, EXECUTORS AND TRUSTEES OF    :  **02 10939 GAO**
THE DOROTHY F. RODGERS FAMILY TRUST,  :
:
            Plaintiffs,               :
                                      :   COMPLAINT
    -against-                         :
                                      :
BRENDAN'S DREAM CO., INC. AND BRIAN   :
O'NEILL,                              :
                                      :
            Defendants.               :
- - - - - - - - - - - - - - - - - - x

Plaintiffs, complaining of the Defendants, by Holland & Knight LLP their attorneys, allege:

1. This is a suit for copyright infringement under Title 17, U.S.C. Jurisdiction of this Court is based upon Title 28, U.S.C., Section 1338(a).

2. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of copyrighted musical compositions. SCHEDULE A annexed to the Complaint sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs,

their copyrighted musical compositions, and Defendants' acts of infringement.

3. Plaintiffs named in Column 2 (all references to columns are to columns in SCHEDULE A) are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20, Fed. R. Civ. P.

4. Defendant Brendan's Dream Co., Inc. is a Massachusetts corporation which did at the times hereinafter mentioned, and still does own, control, manage, operate and maintain a place of business for public entertainment, accommodation, amusement and refreshment known as The Good Life-Downtown, located at 28 Kingston Street, in Boston, in the State of Massachusetts.

5. Defendant Brian O'Neill is a resident of this District and, at all times hereinafter mentioned was and still is President and Treasurer of Defendant Brendan's Dream Co., Inc. with primary responsibility for the control, management, operation and maintenance of the affairs of said corporation. The acts hereinafter complained of were done with his active assistance, cooperation, acquiescence and procurement, and he derives financial benefit therefrom.

6. Musical compositions were and are publicly performed at said place of business.

7. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

8. Each composition was published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17, U.S.C.

9. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17, U.S.C., and secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

10. All of the compositions are now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued a Certificates of Registration of the respective claims to the renewal of copyrights in the names of those claimants listed

in Column 7. The dates and identification numbers of such certificates are set forth in Column 8.

11. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions on Defendants' premises, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

12. The performances of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 on Defendants' premises were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff or any agent, servant or employee of any Plaintiff to give such performances.

13. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

(a) For periods prior to June 1, 1999, Defendants or their predecessors-in-interest held a license agree-

4

ment from the American Society of Composers, Authors and Publishers (ASCAP), the performing rights licensing organization of which all Plaintiffs are members. That license agreement authorized public performance of any or all of hundreds of thousands of copyrighted musical compositions in the ASCAP repertory at The Good Life-Downtown. In return for their license, Defendants agreed to pay license fees to ASCAP.

(b) Defendants, however, failed to pay license fees as required by the license agreement, and, ASCAP duly terminated Defendants' license agreement effective June 1, 1999. Subsequently, ASCAP offered a new license agreement to Defendants if Defendants would pay the license fees owed under the terminated license agreement. Defendants rejected ASCAP's offers.

(c) Despite repeated reminders of their liability under the United States Copyright Law, Defendants have continued to perform copyrighted music without permission during the hours that Defendants' establishment is open to the public for business and presenting musical entertainment. The many unauthorized performances at The Good Life-Downtown include the performances of the three copyrighted musical compositions upon which this action is based.

14. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

15. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed in Defendants' said premises, or in any place owned, controlled or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17

U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

   III.   That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

   IV.   For such other and further relief as may be just and equitable.

                                    By their attorneys,

                                    Holland & Knight LLP


                                    By: _____
                                        Stephen S. Young
                                        BBO #538040
                                        10 St. James Avenue
                                        Boston, MA   02116
                                        (617) 523-2700

| Columns 1 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|
| Cause of Action   Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Renewal | Renewal Certificate Date and Number | Date of Known Infringement |
| 1. WARNER BROS., INC. | NIGHT AND DAY | COLE PORTER | 11/18/32 | EP 33357 | COLE PORTER, AS "AUTHOR OF WORDS AND MUSIC". | 11/18/59 R 246169 | 3/10/02 |
| 2. WB MUSIC CORP. | EMBRACEABLE YOU | IRA GERSHWIN GEORGE GERSHWIN | 10/14/30 | EP 18415 | ARTHUR GERSHWIN AND FRANCES GODOWSKY, AS "NEXT OF KIN OF DECEASED COMPOSER OF THE MUSIC (G. GERSHWIN)"; IRA GERSHWIN, AS "AUTHOR OF THE WORDS AND NEXT OF KIN OF COMPOSER OF THE MUSIC". | 10/16/57 R 201274 | 3/10/02 |
| 3. MARY R. GUETTEL, LINDA R. EMORY, LAWRENCE B. BUTTENWIESER AND MILTON J. KAIN, EXECUTORS AND TRUSTEES OF THE DOROTHY F. RODGERS FAMILY TRUST | MY FUNNY VALENTINE | LORENZ HART RICHARD RODGERS | 3/13/37 | EP 61055 | RICHARD RODGERS, AS "THE AUTHOR OF THE MUSIC AND EXECUTOR OF THE AUTHOR OF THE WORDS (LORENZ HART, DECEASED)"; WILLIAM H. KRON, AS EXECUTOR OF THE AUTHOR OF THE WORDS, (LORENZ HART, DECEASED)". | 3/13/64 R 333857 | 3/9/02 |

SCHEDULE "A"